1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT

6
7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13

| | | |
|---|---|---|
| DONALD EUGENE RADONICH, | ) | No. C 02-4186 JSW (PR) |
| | ) | |
| Petitioner, | ) | **ORDER DENYING** |
| | ) | **PETITION FOR WRIT OF** |
| vs. | ) | **HABEAS CORPUS** |
| | ) | |
| GAIL LEWIS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| ———————————————— | ) | |

14
15

**INTRODUCTION**

16      Petitioner, a prisoner of the State of California incarcerated at Pleasant Valley

17   State Prison, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.

18   On March 21, 2003, this Court ordered Respondent to show cause why the writ should

19   not issue (docket no. 8).  On August 28, 2003, Respondent filed an answer to the petition

20   (docket no. 11).  On September 29, 2003, Petitioner filed the traverse (docket no. 16).

21

**PROCEDURAL BACKGROUND**

22      On August 20, 1998, Petitioner was convicted by a jury in Marin County Superior

23   Court of possession of ephedrine with intent to manufacture methamphetamine and

24   receiving stolen property.  (Clerk Tr. 462.)  In a bifurcated proceeding, the trial court

25   also found that Petitioner suffered a prior assault conviction alleged as a "strike" under

26   California Penal Code section 1170.12, and a prior conviction for possession of drugs for

27   sale alleged as a three-year enhancement under California Penal Code section

28   11370.2(b).  (Clerk Tr. 462.)  On December 21, 1998, Petitioner was sentenced to sixteen

1   years and four months in state prison.  (Clerk Tr. 592.)  Petitioner appealed his

2   conviction.  The California Court of Appeal affirmed the judgment of conviction on

3   April 12, 2002, and the California Supreme Court denied Petitioner's petition for review

4   on June 19, 2002.  On September 3, 2002, Petitioner filed a petition for writ of habeas

5   corpus in this Court.

6                              **FACTUAL BACKGROUND**

7         The facts underlying the charged offenses, as found by the Court of Appeal of the

8   State of California, First Appellate District, Division Three, are summarized as follows:

9         On February 17, 1998, the police stopped Radonich's car for speeding.
10   After learning Radonich was on probation with search conditions, the police
    searched the car.  On the floor behind the driver's seat, the police found an opaque
    plastic Sears shopping bag.  The bag contained a clear zip-lock baggie of white
11   crystalline powder weighing two pounds.  The powder was later identified as
    containing ephedrine, a substance used to manufacture methamphetamine.  The
12   police were not able to identify any fingerprints on the bags.  Inside the car trunk,
    the police found a bottle of isopropyl alcohol, which is sometimes used in the
13   manufacture of methamphetamine.
         The police also found a stolen credit card in Radonich's wallet.  This credit
14   card belonged to the former owners of a house in Santa Cruz, then occupied by
    Radonich's acquaintances.  One week before Radonich's arrest, the police had
15   arrested one of Radonich's acquaintances and searched the Santa Cruz house.
    The police found evidence that methamphetamine was being manufactured there,
16   including bottles of methamphetamine, glassware, and two large half pound bags
    of white powder containing ephedrine, similar to the bag and substance found in
17   Radonich's car.  The police also found an address book listing Radonich's name
    next to a telephone number, but they found no evidence of Radonich's
18   fingerprints at the house.
         A Department of Justice witness with extensive training in investigating
19   methamphetamine laboratories testified that in his experience, there was no
    legitimate use for the ephedrine in the form and weight found in Radonich's car,
20   and there was no record that Radonich had the required state permit to possess
    ephedrine, a controlled substance.  The witness further testified that given the
21   state regulations regarding ephedrine and the weight of the substance found in
    Radonich's car, the ephedrine was possessed with the intent to manufacture
22   methamphetamine.  The People also presented evidence regarding Radonich's
    history of using methamphetamine and possessing drug paraphernalia and
23   methamphetamine for sale.
         Rebecca Schrank, the registered owner of the car, testified for the defense.
24   She admitted that she was a past drug user, having once been arrested for
    possession of methamphetamine, and that she had been convicted of credit card
25   fraud and burglary.  Schrank claimed that her boyfriend had purchased the car and
    she did not know the car had been registered in her name.  When she found out
26   the car had been registered in her name, she told her boyfriend that she did not
    want the car in her name, that it was illegal, and that she did not want any part of

27

28                                          2

it. Schrank's boyfriend told her he was going to remove her name, and that the car had been sold to Radonich. Schrank subsequently saw Radonich driving the car, and she believed that Radonich had the car for about three weeks. She did not know that the car was still registered in her name until the police notified her that the car had been impounded after Radonich's arrest. At the time Schrank's boyfriend purchased the car he used drugs, but Schrank had never seen him in possession of ephedrine.

(Resp. Exh. 6) (*People v. Radonich*, No. A085623, slip op. at 1-2 (Cal. Ct. App., April 12, 2002)).

## STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id.* § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor,* 529 U.S. 362, 413 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case.  *Id.*  As summarized by the Ninth Circuit: "A state court's decision can involve an 'unreasonable application' of federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a

new context in a way that is objectively unreasonable." *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000) (citing *Williams*, 529 U.S. at 405-07), *overruled in part on other grounds by Lockyer v. Andrade*, 538 U.S. 63 (2003).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411; *accord Middleton v. McNeil*, 541 U.S. 433, 436 (2004) (per curiam) (challenge to state court's application of governing federal law must be not only erroneous, but objectively unreasonable); *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

In deciding whether the state court's decision is contrary to, or an unreasonable application of clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of a petitioner's claim in a reasoned decision. *LaJoie v. Thompson,* 217 F.3d 663, 669 n.7 (9th Cir. 2000).  Where the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim, there is a somewhat different standard of review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  In such a case, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable.  *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *Greene v. Lambert*, 288 F.3d 1081, 1088 (9th Cir. 2002); *Bailey v. Newland*, 263 F.3d 1022, 1028 (9th Cir. 2001); *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).  If the state court only considered state law, the federal court must ask whether state law, as explained by the state court, is "contrary to" clearly established governing federal law.  *See Lockhart v. Terhune*, 250 F.3d 1223, 1230 (9th Cir. 2001).

4

**DISCUSSION**

**I.     Evidence of Acquaintance's Arrest**

In his first claim for relief, Petitioner contends that the trial court erred by admitting evidence of the arrest in Santa Cruz of his acquaintance, Kelly Moriarty, for manufacturing methamphetamine.  Petitioner contends that this error in admitting the evidence was prejudicial.  This claim does not warrant habeas relief.

**A.     Legal Standard**

The admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process.  *See Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999); *Colley v. Sumner*, 784 F.2d 984, 990 (9th Cir.), *cert. denied*, 479 U.S. 839 (1986).  Failure to comply with state rules of evidence is neither a necessary nor a sufficient basis for granting federal habeas relief on due process grounds.  *See Henry*, 197 F.3d at 1031; *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991).  While adherence to state evidentiary rules suggests that the trial was conducted in a procedurally fair manner, it is certainly possible to have a fair trial even when state standards are violated; conversely, state procedural and evidentiary rules may countenance processes that do not comport with fundamental fairness.  *See Jammal*, 926 F.2d at 919 (citing *Perry v. Rushen*, 713 F.2d 1447, 1453 (9th Cir. 1983), *cert. denied*, 469 U.S. 838 (1984)).  Juries are presumed to follow a court's limiting instructions with respect to the purposes for which evidence is admitted, except in extreme situations in which curative instructions will not neutralize the prejudice when evidence is improperly admitted.  *Aguilar v. Alexander*, 125 F.3d 815, 820 (9th Cir. 1997).

The due process inquiry in federal habeas review is whether the admission of evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair.  *See Walters v. Maass,* 45 F.3d 1355, 1357 (9th Cir. 1995); *Colley*, 784 F.2d at 990.  In

order to obtain habeas relief on the basis of an evidentiary error, Petitioner must show that the error was one of constitutional dimension and that it was not harmless under *Brecht v. Abrahamson*, 507 U.S. 619 (1993).  He would have to show that the error had "'substantial and injurious effect' on the verdict."  *Dillard v. Roe*, 244 F.3d 758, 767 n.7 (9th Cir. 2001) (citing *Brecht*, 507 U.S. at 623).

### B.   Analysis

This Court looks to the analysis of the Court of Appeal in evaluating Petitioner's claim.  *LaJoie,* 217 F.3d at 669 n.7.  The Court of Appeal found that "[a]t trial, the People sought a pretrial ruling on the admissibility of the evidence [of the methamphetamine operation at Moriarty's home], arguing that such evidence was relevant to prove Radonich's knowledge, intent and motive, and to rebut his proposed defense that he did not know the ephedrine was in the car, which was registered to a convicted drug user, and that even if he possessed the ephedrine, he did not know the nature of the substance and he did not intend to manufacture methamphetamine.  Over Radonich's objections that such evidence was irrelevant and its admission would be unduly prejudicial and time-consuming,  the trial court ruled the proposed evidence was admissible to show Radonich's 'knowledge or motive or both and that the probative value in view of the other evidence in the case, vastly outweighed any prejudice.'  Additionally, because of the proposed defense, the trial court believed 'it would be entirely unjust and unfair to preclude the prosecutor from demonstrating some of Radonich's history with methamphetamine and ephedrine, which is used in the manufacturing of methamphetamine.'"  (April 12, 2002 slip op. at 3.)

The Court of Appeal upheld the trial court's ruling of admissibility, finding that the evidence of a methamphetamine operation at Moriarty's home was not admitted to show Petitioner's guilt by association, but to prove his knowing possession and intent.  *Id.* at 4-5.  The Court of Appeal also held that "the trial court could properly find that the

probative value of the challenged evidence outweighed its prejudicial effect," and that it was the province of the jury to consider whether the evidence tended to establish a motive for Petitioner's possession of the ephedrine, or that he knowingly possessed the ephedrine with intent to manufacture methamphetamine.

The Court of Appeal also rejected Petitioner's due process claim on appeal that the evidence of a methamphetamine operation at the Santa Cruz home might have caused the jurors to find him guilty by association. The Court of Appeal found that the trial court gave the jury a limiting instruction that the evidence "'has collateral relevance here. Nobody is accusing the defendant of maintaining a lab at that location. This evidence has some possible relevance, depending upon what you think of it ultimately, on the subjects such as knowledge or intent.'" (April 12, 2002 slip op. at 5-6.) *See* Rep. Tr. 270. The Court of Appeal found that the trial court gave the jury similar limiting instructions on the evidence of other crimes Petitioner may have committed. (April 12, 2002 slip op. at 6.) *See* Rep. Tr. 484.

As the Court of Appeal found, the challenged evidence was relevant to the issues of knowledge and intent and did not render the trial so fundamentally unfair as to deny Petitioner due process of law. *See Estelle v. McGuire*, 502 U.S. 62, 70-75 (1991) (due process rights not violated by admission of relevant evidence or limiting jury instruction). Petitioner has not shown that the state court's admission of the evidence of methamphetamine production found at Moriarty's arrest was contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or that the decision was based on an unreasonable determination of the facts. *Lockyer v. Andrade*, 538 U.S. 63, 70-73 (2003). Petitioner's claim is therefore denied.

## II.   Ineffective Assistance of Counsel

In his second claim for relief, Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel because his trial attorney failed to

object to the trial court proceeding without a jury on the allegation of his prior drug conviction, which was alleged as a three-year enhancement under section 11370.2(b) of the California Penal Code. This claim also fails to state a basis for habeas relief.

### A.   Legal Standard

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance, of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.* The right to effective assistance counsel applies to the performance of both retained and appointed counsel without distinction. *See Cuyler v. Sullivan*, 446 U.S. 335, 344-45 (1980).

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, Petitioner must establish two things. First, he must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

### B.   Analysis

Petitioner has demonstrated deficiency in trial counsel's failure to request a jury trial or verify whether Petitioner waived his statutory right to a jury trial on the enhancement allegation of his prior drug conviction, meeting the first prong under *Strickland*. However, Petitioner does not meet the second prong under *Strickland*, which requires a showing that he was prejudiced by counsel's deficient performance.

The California Court of Appeal, the last state court to issue a reasoned decision in this case, found that "the record shows that before trial, the court obtained Radonich's waiver of a jury trial on the prior serious felony conviction, but failed to obtain a jury trial waiver regarding the prior felony drug conviction. However, Radonich failed to object to the discharge of the jury after they rendered their verdict on the substantive offenses. Subsequently, the trial court, defense counsel and prosecutor each stated they could not recall whether Radonich had waived his right to a jury trial on the prior felony drug conviction." (April 12, 2002 slip op. at 6-7.) *See* Rep. Tr. 514-22. After some discussion about determining whether Petitioner's pretrial waiver of a jury trial on the prior assault conviction also covered the prior drug conviction, the trial court found both prior conviction allegations true "subject to our review of the record to make sure that" Petitioner waived his right to a jury trial on the prior drug conviction. (Rep. Tr. 522.) The Court of Appeal found that "[a]t no time thereafter did defense counsel seek confirmation from the trial court that Radonich had waived his right to a jury trial. Nor did defense counsel request a jury trial on the prior felony drug conviction in any post-trial motions or subsequent court proceedings." (April 12, 2002 slip op. at 7.)

The Court of Appeal held that Petitioner failed to preserve the issue for appeal, but considered the substantive claim "in order to forestall any claim of ineffective assistance of trial counsel." *Id.* Although Petitioner did not present his ineffective assistance of counsel claim on direct appeal, Respondent concedes that the claim is exhausted. (Mem. P&A in Supp. Of Answer, 2.) The Court will proceed in denying Petitioner's ineffective assistance claim notwithstanding the apparent failure to exhaust remedies in the state courts. 28 U.S.C. § 2254(b)(2).

The Court of Appeal applied a harmless error analysis, under *People v. Watson*, 46 Cal.2d 818, 836 (1956), to the trial court's failure to obtain Petitioner's waiver of a jury trial on the prior drug conviction allegation, and held that Petitioner made no

9

1   showing "that it is 'reasonably probable' that a result more favorable to him would have

2   been reached if a jury had resolved the issue of whether he had a prior felony drug

3   conviction." (April 12, 2002 slip op. at 7.)   The Court of Appeal found that "the People

4   submitted certified documents of a 1996 felony conviction for possession of

5   methamphetamine for sale, which were sufficient to support the trial court's finding that

6   Radonich had a prior felony drug conviction." *Id.  See* Clerk Tr. 178-236.  The Court of

7   Appeal reasonably concluded that Petitioner was not prejudiced by the denial of a jury

8   trial on the sentencing enhancement allegation for his prior drug conviction.  Petitioner

9   has not demonstrated a "reasonable probability that, but for counsel's unprofessional

10  errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at

11  694.  Therefore, Petitioner is not entitled to federal habeas relief on his claim for

12  ineffective assistance of trial counsel.

## CONCLUSION

14       For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

15  The clerk shall enter judgment for Respondent and close the file.

16       IT IS SO ORDERED.

17  DATED: September 20, 2005

19  JEFFREY S. WHITE
    United States District Judge

10