IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD EUGENE RADONICH, | No. C 02-4186 JSW (PR) |
| Petitioner, | **ORDER DENYING CERTIFICATE OF APPEALABILITY AND GRANTING REQUEST FOR EXTENSION OF TIME** |
| vs. | |
| GAIL LEWIS, Warden, | |
| Respondent. | |
| | (Docket nos. 22, 24) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, filed a petition for a writ of habeas corpus challenging the validity of his State conviction. On September 20, 2005, this Court entered an order denying the petition on the merits. Petitioner has filed a motion for extension of time to file a notice of appeal, which is GRANTED (docket no. 22). Petitioner has timely filed a notice of appeal (docket no. 23), and a request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b) (docket no. 24).

## BACKGROUND

On August 20, 1998, Petitioner was convicted by a jury in Marin County Superior Court of possession of ephedrine with intent to manufacture methamphetamine and receiving stolen property. In a bifurcated proceeding, the trial court also found that

Petitioner suffered a prior assault conviction alleged as a "strike" under California Penal Code section 1170.12, and a prior conviction for possession of drugs for sale alleged as a three-year enhancement under California Penal Code section 11370.2(b). On December 21, 1998, Petitioner was sentenced to sixteen years and four months in state prison.

## DISCUSSION

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

I.     Evidence of Acquaintance's Arrest

First, Petitioner contends that he was denied a fair trial by the admission of evidence of the methamphetamine drug laboratory arrest of Petitioner's friend, Kelly Moriarty. In its order denying the petition, this Court found that "[t]he Court of Appeal upheld the trial court's ruling of admissibility, finding that the evidence of a methamphetamine operation at Moriarty's home was not admitted to show Petitioner's guilt by association, but to prove his knowing possession and intent." (September 20, 2005 Order at 6.) This Court further found that the state Court of Appeal noted that the trial court gave the jury a limiting instruction that the evidence "'has collateral relevance here. Nobody is accusing the defendant of maintaining a lab at that location. This evidence has some possible relevance, depending upon what you think of it ultimately, on the subjects such as knowledge or intent.'" *Id.* at 7 (citing April 12, 2002 slip op. at 5-6.)

1    Under clearly established federal law, in order to obtain habeas relief on the basis
2    of an evidentiary error, Petitioner must show that the error was one of constitutional
3    dimension and that it had "substantial and injurious effect or influence in determining the
4    jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). Petitioner argues that
5    the evidence of other crimes was inflammatory and that he was "silently convicted,
6    without being charged and silently sentenced" for the crime of operating a
7    methamphetamine laboratory, in violation of his due process rights. (Mot. for Cert. of
8    Appealability at 5.) The record below clearly indicates, however, that the evidence was
9    admitted only to show knowledge and intent and that the trial court gave limiting
10   instructions to avoid the possibility of confusion. Accordingly, "reasonable jurists"
11   would not find debatable the Court's assessment that the admission of this evidence did
12   not amount to prejudicial error.

13   II.     Ineffective Assistance of Counsel Claim

14   Petitioner also argues that he was prejudiced by his trial counsel's failure to
15   request a jury trial or to verify whether Petitioner had waived his right to a jury trial on
16   the sentencing enhancement allegation of his prior conviction for possession of
17   methamphetamine for sale. The record indicates that Petitioner agreed to waive a jury
18   trial on the strike enhancement allegation of his prior conviction for assault with a
19   firearm, but that Petitioner's waiver did not cover the prior drug conviction allegation,
20   which was alleged as a three-year enhancement. *See* Rep. Tr. 514-22.

21   In his motion for a certificate of appealability, Petitioner contends that he was
22   entitled to a jury trial on his prior drug conviction under the holding in *Apprendi v. New*
23   *Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that the defendant
24   was entitled to a jury trial in the finding of those facts that increased his maximum
25   punishment. *Id*. at 490. Petitioner argues that this right extends to a sentencing
26   enhancement for prior convictions. The Supreme Court, however, expressly made an

1  exception for prior convictions.  "*Other than the fact of a prior conviction*, any fact that
2  increases the penalty for a crime beyond the prescribed statutory maximum must be
3  submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi v. New Jersey*,
4  530 US at 490 (emphasis added).  There is no right under the Sixth Amendment to have a
5  jury hear and rule on a sentencing enhancement allegation based on a prior conviction.
6  Rather, Petitioner's right to a jury trial on the sentencing enhancement is provided by
7  state statute.  California law provides a criminal defendant with a statutory right to have a
8  jury determine "whether or not the defendant has suffered the prior conviction."  Cal.
9  Penal Code § 1025(b) (2001); *Dillard v. Roe*, 244 F.3d 758, 769 & n.13 (9th Cir. 2001).

10  Although the Sixth Amendment does not guarantee the right to have a jury hear
11  and rule on a sentencing enhancement allegations based on a prior conviction, *see*
12  *Apprendi*, 530 U.S. at 475-76, the deprivation of a statutory entitlement to a jury trial
13  implicates the federal Due Process Clause.  *See Hicks v. Oklahoma*, 447 U.S. 343, 346
14  (1980).  Where a state has provided for the imposition of criminal punishment in the
15  discretion of the trial jury, the defendant in such a case has a substantial and legitimate
16  expectation that he will be deprived of his liberty only to the extent determined by the
17  jury in the exercise of its statutory discretion, and that liberty interest is one that the
18  Fourteenth Amendment preserves against arbitrary deprivation by the state.  *See Hicks*,
19  447 U.S. at 346.  Such violations are subject to harmless error review under *Brecht. See*
20  *Dillard*, 244 F.3d at 770.

21  On the present habeas petition, the Court denied Petitioner's claim for ineffective
22  assistance of counsel on the ground that Petitioner had not established prejudice under
23  *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  Because the *Strickland* prejudice
24  analysis is complete in itself, a further harmless error analysis under *Brecht* is
25  unnecessary.  *Avila v. Galaza*, 297 F.3d 911, 918 n.7 (9th Cir. 2002).  The Court of
26  Appeal found that "the People submitted certified documents of a 1996 felony conviction

4

for possession of methamphetamine for sale, which were sufficient to support the trial court's finding that Radonich had a prior felony drug conviction." (April 12, 2002 slip op. at 7.) *See* Clerk Tr. 178-236. Petitioner does not contend that those documents were not authentic, or that the documents were insufficient to establish that the prior conviction was the same one alleged in the sentencing enhancement, although Petitioner vaguely suggests that his drug conviction was "illegally obtained," without further explanation (Mot. for Cert. of Appealability at 6). Furthermore, Petitioner does not explain why he would agree to waive his statutory right to a jury trial on the "strike" allegation for his prior serious felony conviction, but not on his prior drug conviction allegation. In a bifurcated proceeding, the trial court was presented with documentary evidence of Petitioner's prior convictions and found beyond a reasonable doubt that both the prior strike allegation and the prior drug conviction allegation were true. (Rep. Tr. 522.) Petitioner fails to demonstrate how a jury trial on the prior drug conviction allegation would have resulted in a different outcome, given the documentary evidence of his prior conviction and the trial court's finding beyond a reasonable doubt.

Petitioner has not shown that it is reasonably probable that, but for his trial attorney's failure to request a jury trial on the sentencing enhancement, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. On his motion for a certificate of appealability, Petitioner has not demonstrated "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Accordingly, the request for a certificate of appealability is DENIED.

## CONCLUSION

Petitioner's request for an extension of time to file a notice of appeal is GRANTED (docket no. 22). Petitioner's motion for a certificate of appealability is DENIED (docket no. 24). The Clerk of Court shall forward this order, along with the

5

case file, to the United States Court of Appeals for the Ninth Circuit from which Petitioner may also seek a certificate of appealability. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

DATED:  November 28, 2005

_____
JEFFREY S. WHITE
United States District Judge